FILED by Macomb County Circuit Court
4/14/2022 10:58:25 AM
Service, Submitted, and File

Case 2:22-cv-10851-VAR-JJCG  ECF No. 1-3, PageID.14  Filed 04/21/22  Page 1 of 10

2022-000938-NO
MILENKOVSKI, ADA

# STATE OF MICHIGAN

# IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

ADAM MILENKOVSKI,

    Plaintiff,

-vs-

TARGET CORPORATION, a Foreign
Profit Corporation,

    Defendant.
_____/

Case No. 2022-000938-NO
Hon. Diane M. Druzinski

| | |
|---|---|
| BRIAN L. FANTICH (P60935) | KENNETH P. WILLIAMS (P55790) |
| CARRA J. STOLLER (P64540) | SEGAL MCCAMBRIDGE SINGER & MAHONEY |
| ADAM J. GANTZ (P58558) | Attorney for Defendant, Target |
| LAW OFFICE OF KELMAN & FANTICH | 29100 Northwestern Hwy., Suite 240 |
| Attorneys for Plaintiff | Southfield, MI 48034 |
| 30903 Northwestern Hwy., Suite 270 | (248) 994-0060 \| (248) 994-0061 (fax) |
| Farmington Hills, MI 48334 | kwilliams@smsm.com |
| (248) 855-0100 \| (248) 855-3557 (fax) | |

## APPEARANCE

NOW COMES Kenneth P. Williams and SEGAL MCCAMBRIDGE SINGER & MAHONEY, and hereby make their Appearance on behalf of Defendant, TARGET CORPORATION, in the above-entitled cause of action.

                      SEGAL McCAMBRIDGE SINGER & MAHONEY

                      By: /s/ Kenneth P. Williams
                      KENNETH P. WILLIAMS (P55790)
                      Attorney for Defendant, Target
                      29100 Northwestern Hwy., Suite 240
                      Southfield, MI 48034
                      248-994-0060

Dated: April 14, 2022

# STATE OF MICHIGAN

# IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

ADAM MILENKOVSKI,

    Plaintiff,

-vs-

TARGET CORPORATION, a Foreign Profit Corporation,

    Defendant.
_____/

Case No. 2022-000938-NO
Hon. Diane M. Druzinski

BRIAN L. FANTICH (P60935)
CARRA J. STOLLER (P64540)
ADAM J. GANTZ (P58558)
LAW OFFICE OF KELMAN & FANTICH
Attorneys for Plaintiff
30903 Northwestern Hwy., Suite 270
Farmington Hills, MI 48334
(248) 855-0100 | (248) 855-3557 (fax)

KENNETH P. WILLIAMS (P55790)
SEGAL MCCAMBRIDGE SINGER & MAHONEY
Attorney for Defendant, Target
29100 Northwestern Hwy., Suite 240
Southfield, MI 48034
(248) 994-0060 | (248) 994-0061 (fax)
kwilliams@smsm.com

## DEFENDANT, TARGET CORPORATION'S ANSWER TO COMPLAINT

NOW COMES Defendant, TARGET CORPORATION, by and through its attorneys, Kenneth P. Williams and Segal McCambridge Singer & Mahoney, Ltd., and for its Answer to Plaintiff's Complaint, states as follows:

1.    In answer to Paragraph 1, Defendant neither admits nor denies the allegations contained in this paragraph for the reason that the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in said paragraph.

2

2. In answer to Paragraph 2, Defendant neither admits nor denies the allegations contained in this paragraph for the reason that the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in said paragraph.

3. In answer to Paragraph 3, Defendant neither admits nor denies the allegations contained in this paragraph for the reason that the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in said paragraph.

4. In answer to Paragraph 4, Defendant neither admits nor denies the allegations contained in this paragraph for the reason that the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in said paragraph.

5. In answer to Paragraph 5, Defendant neither admits nor denies the allegations contained in this paragraph for the reason that the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in said paragraph.

6. In answer to Paragraph 6, Defendant denies the allegations contained therein for the reason they are not true.

7. In answer to Paragraph 7, Defendant denies the allegations contained therein for the reason they are not true.

8. In answer to Paragraph 8, Defendant neither admits nor denies the allegations contained in this paragraph for the reason that the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in said paragraph.

9. In answer to Paragraph 9, to include subparagraphs (a) through (d), Defendant denies the allegations contained therein for the reason they are not true.

10. In answer to Paragraph 10, Defendant neither admits nor denies the allegations contained in this paragraph for the reason that the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in said paragraph.

11. In answer to Paragraph 11, Defendant neither admits nor denies the allegations contained in this paragraph for the reason that the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in said paragraph.

12. In answer to Paragraph 12, Defendant denies the allegations contained therein for the reason they are not true.

13. In answer to Paragraph 13, Defendant denies the allegations contained therein for the reason they are not true.

14. In answer to Paragraph 14, to include subparagraphs (a) through (f), Defendant denies the allegations contained therein for the reason they are not true.

15. In answer to Paragraph 15, Defendant neither admits nor denies the allegations contained in this paragraph for the reason that the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in said paragraph.

16. In answer to Paragraph 16, Defendant denies the allegations contained therein for the reason they are not true.

17. In answer to Paragraph 17, Defendant denies the allegations contained therein for the reason they are not true.

18. In answer to Paragraph 18, Defendant denies the allegations contained therein for the reason they are not true.

19. In answer to Paragraph 19, Defendant neither admits nor denies the allegations contained in this paragraph for the reason that the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in said paragraph.

WHEREFORE, Defendant, TARGET CORPORATION, respectfully requests this Honorable Court enter a judgment of no cause for action, together with an order dismissing Plaintiff's Complaint with prejudice and awarding costs and fees so wrongfully incurred in the defense of this matter.

SEGAL McCAMBRIDGE SINGER & MAHONEY

By: /s/ Kenneth P. Williams
KENNETH P. WILLIAMS (P55790)
Attorney for Defendant, Target
29100 Northwestern Hwy., Suite 240
Southfield, MI 48034
248-994-0060

Dated: April 14, 2022

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

ADAM MILENKOVSKI,

    Plaintiff,

-vs-

TARGET CORPORATION, a Foreign Profit Corporation,

    Defendant.
_____/

Case No. 2022-000938-NO
Hon. Diane M. Druzinski

| | |
|---|---|
| BRIAN L. FANTICH (P60935) | KENNETH P. WILLIAMS (P55790) |
| CARRA J. STOLLER (P64540) | SEGAL MCCAMBRIDGE SINGER & MAHONEY |
| ADAM J. GANTZ (P58558) | Attorney for Defendant, Target |
| LAW OFFICE OF KELMAN & FANTICH | 29100 Northwestern Hwy., Suite 240 |
| Attorneys for Plaintiff | Southfield, MI 48034 |
| 30903 Northwestern Hwy., Suite 270 | (248) 994-0060 \| (248) 994-0061 (fax) |
| Farmington Hills, MI 48334 | kwilliams@smsm.com |
| (248) 855-0100 \| (248) 855-3557 (fax) | |

## **AFFIRMATIVE DEFENSES**

NOW COMES Defendant, TARGET CORPORATION, by its attorneys, SEGAL, MCCAMBRIDGE, SINGER & MAHONEY, and by way of affirmative defenses, states that it will rely upon and insist in its defense and demands reply hereto:

1. That any alleged damages sustained by the Plaintiff were proximately caused, totally or in part, by Plaintiff's negligence and/or willful acts and that any recovery by Plaintiff must, therefore, be diminished in whole or in part.

2. That there was superseding and intervening conduct, negligence and acts of others, including the Plaintiff and other parties, that was the proximate cause of the incident at issue.

3. That all, or portions, of Plaintiff's Complaint fail to state a claim upon which relief can be granted.

4. Plaintiff is put on notice that Defendant will rely upon and insist upon the enforcement of each and every applicable provision of 1986 PA No. 178, including but not limited to, M.C.L. 600.2591, 6303 to 6306.

5. Plaintiff is put on notice that Defendant will rely upon and insist upon the enforcement of each and every applicable provision of 1995 PA No. 161 and 249, including, but not limited to, M.C.L. 600.1629; 600.1641; 600.2945-2949a; 600.2955-2956; 600.2957-2960; 600.5805; 600.6303-6306; and 600.6312.

6. All, or portions, of Plaintiff's Complaint is barred for the failure of Plaintiff to take every reasonable step to prevent, and/or mitigate the damages and injuries alleged.

7. That the condition alleged in the Complaint was open and obvious, and thus Plaintiff's Complaint is barred.

8. Plaintiff's claim is barred as there was not "notice" of the alleged hazard.

9. That the comparative fault of Plaintiff is greater than the aggregate fault of all other persons allegedly responsible for the subject incident, whether or not parties to the action, and, therefore, non-economic damages should not be awarded. MCLA 600.2959.

10. The jurisdiction and venue are improperly and inconveniently laid.

11. Pursuant to MCLA 600.6304, the Defendant is entitled to have the trier of fact determine the percentage of total fault of all of the parties, if any, regarding each claim made by Plaintiff and is further entitled to have the trier of fact consider both the nature of the conduct of each party found to be at fault, if any, and the extent of the causal relationship between the conduct and the damages claimed.

12. That Defendant reserves their rights to the full benefit and protection of any and all relevant portions of the Michigan Tort Reform Act including, but not limited to, MCLA 600.1483 through MCLA 600.6455, inclusive.

13. Defendant is entitled to a statutory set-off from any damages awarded to Plaintiff for economic losses which have been or may be paid or payable by any collateral source pursuant to MCLA 600.6303 et seq.

14. The incident described in Plaintiff's Complaint was not the proximate cause of the damages alleged by Plaintiff as said damages existed prior to the date alleged in Plaintiff's Complaint and said damages not being aggravated by the subject incident.

15. Plaintiff's claim may be barred by payment, release, accord and satisfaction or discharge, prior judgment, immunity granted by law, assumption of the risk, agreement to arbitrate, assignment or other disposition of the claim before commencement of action.

16. Plaintiff's claims are barred by the doctrine of waiver.

17. Plaintiff's claims are barred by the doctrine of estoppel.

18. Plaintiff's claims are barred by the doctrine of laches.

19. Plaintiff's claims are barred as it abandoned any claim.

20. Plaintiff is barred in whole or in part by any applicable provisions of contract.

21. Plaintiff's claims are barred by acceptance of services and termination of contract.

22. Plaintiff was negligent or comparatively negligence, and/or guilty of active negligence thereby precluding this claim in part or in all.

23. Plaintiff's Complaint is barred by the applicable statute of frauds.

24. The Defendant denies that it breached any of its duties and further denies that Defendant was negligent in any manner but states that it was guided by and strictly observed all

of its legal duties and obligations imposed by operation of law and otherwise and that all of the actions of Defendant's agents, servants and/or employees were careful, prudent, proper and lawful.

25. If the Defendant is determined to be responsible for any damages sustained by the Plaintiff, which the Defendant denies, said Defendant's liability is proportional to the percentage of fault, only.

26. The Plaintiff suffered from a pre-existing condition which, in whole or in part, did not arise out of the subject accident and/or was not aggravated by the subject accident.

27. The sole proximate cause, or at least a contributing cause, of the damages and/or injuries complained of by the Plaintiff was the negligence and/or comparative negligence of yet unidentified third parties.

28. The Plaintiff's claims are barred as the Defendant's actions, which is alleged to be the cause of Plaintiff's alleged damages, were not in violation of any Federal or State law.

29. The Plaintiff's claims are barred by res judicata and estoppel.

30. Plaintiff's claims are barred as no activity caused an unreasonable risk of causing harm or a nuisance.

31. Plaintiff's claims are barred because there was no unreasonable interference with a common right of the general public.

32. That Plaintiff's claims for medical expenses are barred in whole or in part under the Federal Patient Protection and Affordable Care Act, 42 U.S.C. § 18001 (2010) (ACA) inasmuch as the alleged damages to cover the cost of care are covered by insurance under the ACA.

33. The Complaint is barred by the appropriate and applicable statute of limitations and should be dismissed. MCL 600.5805(10).

9

34. That Defendant reserves the right to add to its answer and to rely upon all affirmative defenses as may be hereafter disclosed by way of discovery.

WHEREFORE, Defendant prays that this suit be dismissed as to Defendant, with costs and attorneys' fees to Defendant most unjustly sustained.

SEGAL McCAMBRIDGE SINGER & MAHONEY

By: /s/ Kenneth P. Williams
KENNETH P. WILLIAMS (P55790)
Attorney for Defendant, Target
29100 Northwestern Hwy., Suite 240
Southfield, MI 48034
248-994-0060

Dated: April 14, 2022

**PROOF OF SERVICE - EFILE**

I hereby certify that on April 14, 2022, I electronically filed the foregoing document and Proof of Service via MiFILE which will electronically send notification of such filing to all counsel of record.

/s/ Kimberly Ollila
KIMBERLY OLLILA